IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| CLEARVIEW BUILDERS, INC., | : | BANKRUPTCY NO.: 5-05-bk-50857 |
|     DEBTOR | : | |
| | : | |
| WILLIAM G. SCHWAB, Trustee, for | : | {**Nature of Proceeding**: Defendants' |
| the Estate of Clearview Builders, Inc., | : | Motion to Dismiss Amended Complaint |
|     PLAINTIFF | : | or, in the alternative, Motion for a More |
| | : | Definite Statement (#136)} |
|     vs. | : | |
| | : | |
| CLEARVIEW BUILDERS, INC., et al., | : | |
|     DEFENDANTS | : | **ADVERSARY NO.: 5-06-ap-50160** |

# **OPINION**[1]

Presently before the Court is Defendant's Motion to Dismiss Amended Complaint or, in the alternative, Motion for a More Definite Statement. I will address the Motion for a More Definite Statement first.

Federal Rule of Civil Procedure 12(e), as made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), provides, in pertinent part, that if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. I have reviewed the adversary and have determined that it is not so vague or ambiguous that the Defendants cannot reasonably be required to frame a responsive pleading, with one exception.

"Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b)

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud. Rule 9(b) states: 'in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" *In re Rockefeller Center Properties, Inc. Securities Litigation,* 311 F.3d 198, 216 (3d Cir. 2002), Fed.R.Civ.P. 9(b). Furthermore,

> [w]hile we have acknowledged the stringency of Rule 9(b)'s pleading requirements, we have also stated that, in applying Rule 9(b), courts should be "sensitive" to situations in which "sophisticated defrauders" may "successfully conceal the details of their fraud." *Id.* Where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control, the rigid requirements of Rule 9(b) may be relaxed. *Id.* Nevertheless, even when the defendant retains control over the flow of information, "*boilerplate and conclusory allegations will not suffice. Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible.*" *Id.* (emphasis in original).

*Id.*

I find that the Plaintiff must file an amendment to Count VIII (Fraud) and state with more particularity the circumstances of fraud.

In considering a motion to dismiss, the accepted rule is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). This is axiomatic. *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980).

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351

(1992) *citing National Wildlife Federation*, 497 U.S. 871, 889, 110 S.Ct. 3171, 3189 (1990).

Utilizing this standard, as I must, the Court finds that the Amended Complaint alleges sufficient facts to survive this challenge. The Motion to Dismiss is therefore denied.

An Order will follow.

Date: February 5, 2008

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*